

FILED

MAR 2 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                              )   Case No. 06-20527-A-13G
                                   )
SUSAN ADAMS,                       )   Docket Control No. JKB-1
                                   )
                                   )   Date: March 20, 2006
         Debtor.                   )   Time: 9:00 a.m.
                                   )
_____    )

### MEMORANDUM

The movant, the Blum Family Trust, holds a deed of trust encumbering the residence of the debtor, Susan Adams. According to the movant, its deed of trust secures an obligation of almost $407,000. The movant is well-secured. The debtor's opposition to the motion indicates both that the property is worth $835,000 and that its sale is imminent.

This is a motion pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) & (j). That is, the movant seeks an order confirming that the debtor and the bankruptcy estate are unprotected by the automatic stay because the debtor is an individual who had two prior chapter 13 cases dismissed within one year of the filing of her latest chapter 13 petition.

Because the court's preliminary review of the motion suggested that it lacked merit, the court set the motion for a hearing. That hearing has been concluded. With the benefit of arguments from the debtor as well as the movant, the court is convinced that its initial reservations about the motion were well-founded and the motion will be denied for the reasons explained below.

The current chapter 13 petition, Case No. 06-20527, was filed on March 7, 2006. It was preceded by two earlier petitions.

The debtor's first chapter 13 petition, Case No. 05-21296, was filed on February 8, 2005. The debtor voluntarily dismissed that petition on February 24, 2005. However, a final decree was not issued, and the case was not closed, until June 6, 2005.

The debtor filed a second chapter 13 petition, Case No. 06-20018, on January 4, 2006. Because the debtor never filed her schedules and statements as required by 11 U.S.C. § 521(a)(1), the second petition was "automatically dismissed effective on the 46th day after the filing of the petition." See 11 U.S.C. § 521(i). The 46th day fell on February 19.

Undeterred, the debtor filed her third chapter 13 petition on March 7, 2006. On that same day, the movant countered with this motion. It seeks the court's confirmation that the filing of the third petition did not trigger the automatic stay because the two earlier chapter 13 petitions had been dismissed during the previous year.

11 U.S.C. § 362(c)(4)(A) provides:

(i) if a single or joint case is filed by or against a

>debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect. . . .

Unfortunately for the movant, section 362(c)(4)(A) is not applicable because the debtor's first chapter 13 petition was dismissed more than one year prior to the filing of her current petition.

This problem might be dispatched by arguing that, despite the dismissal of the first case more than one year ago, it nonetheless was pending within one year of the current petition because the first case was not closed until June 6, 2005. However, the movant did not make this argument. If it had, it would have been rejected.

For purposes of section 362(c)(4)(A), a prior chapter 13 petition is no longer pending when it is dismissed. Once a petition is dismissed, it ceases to restrict the rights of a creditor against its collateral or against those liable for its claim. This is because the dismissal of a chapter 13 petition revests property of the estate in the debtor (or in the entity in which such property was vested immediately before the filing of the chapter 13 petition). See 11 U.S.C. § 349(b)(3). And, once property is no longer property of the estate, it is no longer protected by the automatic stay. See 11 U.S.C. § 362(c)(1). Dismissal also terminates the automatic stay of "any other act." See 11 U.S.C. § 362(c)(2).

///

As a result, the dismissal of a chapter 13 petition means that it is no longer an impediment to a creditor proceeding against its collateral or against the former debtor. See also In re Weston, 101 B.R. 202, 205 (Bankr. E.D. Cal. 1989) (quoting legislative history indicating that the purpose of section 349 is to make clear that dismissal "undo[es] the bankruptcy case, as far as practicable, and restores all property rights to the position in which they were found at the commencement of the case."), *affirmed*, 123 B.R. 466 (B.A.P. 9th Cir. 1991), *affirmed*, 967 F.2d 596 (9th Cir. 1992).

The argument raised by the movant is also without merit. The movant argues that the reference in section 362(c)(4)(A)(i) to prior cases "pending within the previous year" is to cases pending anytime in the previous calendar year. In the movant's view, section 362(c)(4)(A)(i) is not referring to a one-year period of time running backward from the filing of the latest petition.

The movant supports this argument by pointing to the wording of 11 U.S.C. § 362(c)(3). Section 362(c)(3) limits the automatic stay to a duration of 30 days if a prior petition was dismissed "within the preceding 1-year period." On the other hand, under section 362(c)(4)(A)(i) the automatic stay is not triggered if two or more petitions were dismissed "within the previous year."

The different statutory language suggests to the movant that section 362(c)(4)(A)(i) and section 362(c)(3) are calculating the year time frame differently. According to the movant, section 362(c)(3) clearly, or at least more clearly, refers to a one-year period of time running from the filing of a new petition, while

Case 06-20527   Filed 03/22/06   Doc 28

Case 06-20527   Filed 03/22/06   Doc 28

section 362(c)(4)(A)(i) refers to the previous calendar year.

It is undeniable that the two sections are worded differently. Nonetheless, the phrase, "the previous year," is not synonymous with "the previous calendar year." If the statutory context is not considered, all that can be said is that the phrase, "the previous year," could mean either a one-year period of time or a calendar year. But, the phrase's statutory context makes it clear that "the previous year" is a one-year period running from the filing of the most recent petition.

Paragraphs (B), (C), and (D) of section 362(c)(4) describe how an individual debtor deprived of an automatic stay by paragraph (A) of section 362(c)(4) may seek the imposition of a stay. When a motion seeking a stay is filed, an individual debtor may be required to rebut a presumption that his or her latest petition was not filed in good faith. This presumption arises, for instance, if "2 or more previous cases under this title in which the individual was a debtor were pending within <u>the</u> 1-year period." [Emphasis added.] <u>See</u> 11 U.S.C. § 362(c)(4)(D)(i)(I).

What 1-year period is paragraph (D)(i)(I) referring to? The use of the article "the" indicates that this period must have been previously defined in section 362(c)(4). The only temporal reference in section 362(c)(4) that precedes paragraph (D)(i)(I) is the phrase "within the previous year" in paragraph (A)(i). Consequently, "the 1-year period" mentioned in paragraph (D)(i)(I) must be "the previous year" referred to in paragraph (A)(i).

///

Case 06-20527   Filed 03/22/06   Doc 28

If the phrase, "within the preceding 1-year period," in section 362(c)(3) refers to a one-year period immediately preceding the most recent petition (as the movant admits), and if section 362(c)(4) uses the phrases, "within the previous year" and "within the 1-year period" interchangeably, there is no reason to construe virtually the same language in 362(c)(4) differently than interpreted in section 362(c)(3).[1]

Also, section 362(c)(4)(A)(i) requires that two prior petitions have been pending "within the previous year." The use of the word "within" connotes an event or events occurring between two points in time. If the prior petitions had to be filed in a particular calendar year in order for section 362(c)(4)(A)(i) to be applicable, one would expect the statute to refer to petitions filed "during" that year rather than "within" the year.

Finally, it is interesting to note that even if the movant's interpretation of section 362(c)(4)(A)(i) is correct, it could not prevail on this motion. The debtor filed a prior petition during calendar year 2005. It was also dismissed during 2005. Her second petition, however, was filed and dismissed during calendar year 2006. Hence, if section 362(c)(4)(A)(i) is triggered by the dismissal of two petitions during the prior

---

[1] The only difference in phrasing between section 362(c)(3) ["within the preceding 1-year period"] and section 362(c)(4)(D)(i)(I) ["within the 1-year period"] is the omission in section 362(c)(4)(D)(i)(I) of the word "preceding." The omission is insignificant given the reference in section 362(c)(4)(A)(i) to the "previous" year. This makes it clear that section 362(d)(4)(D)(i)(I), like section 362(c)(3), is referring to a 1-year period preceding the most recent petition.

calendar year, section 362(c)(4)(A)(i) is not applicable because one of the debtor's two prior petitions was dismissed during the current calendar year rather than the previous calendar year.

Moreover, interpreting section 362(c)(4)(A)(i) to limit the availability of the automatic stay only if two earlier petitions were dismissed in the previous calendar year could lead to absurd results that are inconsistent with the purpose of paragraph (A)(i) - to discourage repetitive and abusive petitions. Under such an interpretation, a debtor could file and dismiss consecutive chapter 13 petitions with impunity as long as the latest petition is filed in the same calendar year as all of the dismissals.[2]

The court concludes that when an individual debtor has filed two earlier petitions that were dismissed within the one-year period preceding the filing of a third petition, the automatic stay does not go into effect. Because this did not occur here, the request for an order confirming the absence of an automatic stay will be denied.

A separate order will be entered.

Dated: 22 March 2006

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

[2] However, such a debtor, like the debtor in this case, would have to contend with section 362(c)(3).

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Julian Bach
17011 Beach Blvd #300
Huntington Beach, CA 92647

Susan Adams
22730 N Sowles Rd
Acampo, CA 95220

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the U.S. Trustee
501 I Street , Room 7-500
Sacramento, CA 95814

Dated: March 22, 2006

_____
Susan C. Cox
Judicial Assistant to Judge McManus